UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| JOYCE BECK | : | |
| | : | |
| v. | : | CIV. NO. 3:11CV01185 (JCH) |
| | : | |
| MICHAEL ASTRUE, | : | |
| COMMISSIONER OF SOCIAL | : | |
| SECURITY ADMINISTRATION | : | |
| | : | |

RULING ON MOTION FOR ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT [Doc. #38]

On January 17, 2013, counsel for Joyce Beck moved this Court under the Equal Access to Justice Act ("EAJA"), 24 U.S.C. § 2412(d), to award attorney's fees in the amount of $9,054.51. In support of the fee petition, Attorney Charles A. Pirro, III, filed an Affidavit describing the work performed on the case and an itemized bill representing 48.10 hours of work performed in 2011, 2012, and 2013, at hourly rates of $186.36 for 2011, $188.65 for 2012, and $189.23 for 2013. [Doc. #38]. The Commissioner does not challenge counsel's right to collect attorney's fees, but objects to the hours sought as unreasonable. [Doc. #42].

1

I.  DISCUSSION

   A.  <u>Standard of Law</u>

   The EAJA provides in relevant part

> [A] court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

42 U.S.C. § 2412(d)(1)(A).  Subsection (B) provides that within thirty days of a final judgment in the action, a party seeking an award of fees must submit an application for fees, which shows that the plaintiff is a prevailing party and is eligible to receive an award, the amount of fees and expenses sought, including an itemized statement showing the actual time expended and the rate at which the fees were computed, and an allegation that the position of the United States was not substantially justified.  28 U.S.C. § 2412(d)(1)(B).  To be eligible for an award of fees under the EAJA, an individual's net worth must not exceed $2,000,000 at the time the civil action was filed.  28 U.S.C. § 2412(d)(2)(B)(i).

   Plaintiff has complied with these requirements and, in this case, the Commissioner has not challenged the timeliness of the petition, plaintiff's status as a prevailing party, or her

2

assertions that the United States was not substantially justified, and that no special circumstances exist which would make an award of attorney's fees unjust.  The Commissioner's sole contention is that the amount of the attorney's fees sought by plaintiff is unreasonable.

The EAJA provides for an award of "reasonable" fees and expenses. 28 U.S.C. § 2412(d)(2)(A). The statute further provides that the "amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished," except that attorney's fees are capped at $125 per hour unless the court determines that an increase in the cost of living or other special factor, such as the limited availability of qualified attorneys to handle the type of proceeding involved, justifies a higher fee. Id. Additionally, a district court enjoys broad discretion in determining what is a reasonable amount of time expended in pursuing a claim. See Aston v. Sec'y of Health & Human Serv., 808 F.2d 9, 11 (2d Cir. 1986).

    B.   **Fee Award**

        1.   **Hourly Rate**

Under the EAJA, the rate of compensation is capped at $125 per hour, which may be adjusted upward to account for increases in the cost of living. 28 U.S.C. § 2412(d)(2)(A). The

plaintiff seeks cost of living increases resulting in an adjusted rate of $186.36 for work in 2011, $188.65 for work in 2012, and $189.23 for work in 2013, based on the Consumer Price Index. See Harris v. Sullivan, 968 F.2d 263, 265 (2d Cir. 1992)(holding that "cost of living" is not defined in EAJA and is "properly measured by the Consumer Price Index"). The Court finds the higher fee is justified. Therefore, the Court will accept Attorney Pirro's requested hourly rate of $186.36 for work in 2011, $188.65 for 2012, and $189.23 for in 2013. Thus, the only issue left for the Court is the reasonableness of the number of hours for which plaintiff's counsel seeks compensation.

### 2. Number of Hours Requested

Plaintiff seeks an award of fees for 48.10 hours, for a total fee award of $9,054.51. The Commissioner seeks a reduction in the requested number of hours to "no more than 25", which would result in a fee award of nearly half of that requested.

#### Work Performed in 2011

The Commissioner seeks a reduction of the 9.5 hours spent in 2011 to prepare the initial pleadings, a three page complaint, financial affidavit, In Forma Pauperis Application and associated forms; effect service and other tasks. Although not raised by the Commissioner, the Court finds that commingling

the time entries makes it difficult to discern how much time was spent on each specific task and prevents a meaningful assessment of the time spent on clerical tasks. Here the Complaint consists of three pages and sets forth, in fifteen brief paragraphs, the administrative proceedings; the third page consists of the signature line and boilerplate conclusory language. [Doc. #1]. The Financial Affidavit is a form affidavit consisting of three short paragraphs with the name of the plaintiff hand written in three sections, which could be prepared by clerical staff and reviewed by counsel. [Doc. #3-2]. Similarly, the IFP application is a form provided by the District Court and completed by the plaintiff, which could be prepared with assistance of clerical staff with review by counsel. [Doc. #3-1]. The Court finds that the inclusion of clerical tasks in block entries warrants a reduction of time. The Court also reduces the request for time spent to prepare office forms and documents [6/9/11]; review court docket and e-file request to issue summons [8/3/11]; download documents for service, prepare Summons forms, prepare instructions to U.S. Marshal, letters to U.S. Marshal, client and referring attorney. [8/4/11]. Accordingly, the Court reduces the 9.5 hours sought by 3.0 hours for a total award of 6.5 hours.

    <u>Preparation of the Memorandum of Law</u>

The Commissioner next seeks a reduction in the 25.7 hours spent to review the administrative record, conduct legal and medical research, and prepare the memorandum of law, based largely upon the fact that much of the brief is boilerplate language, the format of the fact section as "columned style, rather than a narrative, taking up a greater number of pages", and the brief does not raise any novel issues of law or fact. The Court agrees.  It is noted that plaintiff's counsel did not represent Ms. Beck at the administrative level and needed time to acquaint himself with her medical records and the administrative record that totaled 751 pages. Plaintiff's counsel filed a 41 page memorandum of law, of which the Court finds at least 25 percent could be considered boilerplate legal authority for Ms. Beck's appeal.  Accordingly, the Court finds that a reduction of ten hours is warranted, given the amount of material copied from prior filings, the long introduction and procedural history, as well as string citations to the medical evidence preceding the argument section in plaintiff's memorandum of law.  Plaintiff's counsel may have spent considerable time on string citations to medical evidence; however, the Court does not find the presentation of the evidence in this manner to be of assistance in reviewing the record or identifying the relevant facts. Several tasks listed

6

are clerical or administrative in nature [6/26/12], and the lack of detail in the nearly identical time entries makes it difficult for the Court to determine if the time spent is reasonable. On this basis, a deduction in the hours sought is merited.  "Courts throughout the Second Circuit have consistently found that routine Social Security cases require, on average, between 20 and 40 hours of attorney time to prosecute."  Cobb v. Astrue, No. 3:08CV1130 (MRK), 2009 WL 2940205, at *9 (D. Conn. Sept. 2, 2009) (citing Parsons v. Comm'r of Soc. Sec., No. 07-cv-1053, 2008 WL 519725, *1 (N.D.N.Y. Dec. 10, 2008) (collecting cases)).

Accordingly, the Court reduces the 25.7 hours sought by ten hours for counsel to review the administrative record, legal and medical research, and preparation of the memorandum of law to a total of 15.7 hours.

EAJA Application

Finally, plaintiff seeks an award of 3.8 hours for the preparation of the motion for EAJA Fees, supporting memorandum and affidavit, and itemization of time, among other tasks.  The Court finds 3.8 hours for the preparation of the motion, memorandum, and supporting documents excessive.  In fact, the motion, memorandum, and affidavit are nearly identical to those filed by counsel in a separate social security case before the

Court.  See Mot. for Costs and Fees, Barnes v. Astrue, Civ. No. 3:11CV01780(HBF), Doc. #23.  The Court finds that a reduction of 2.5 hours is warranted given the amount of material copied from previous filings, and for the "[i]temization of [t]ime".  The Court notes that time records are to be kept contemporaneously with the work performed, and that counsel's itemization of time appears to have been prepared after the fact.

Accordingly, the Court reduces the 3.8 hours sought by 2.5 hours for counsel to prepare the motion for EAJA Fees, supporting memorandum and affidavit, and itemization of time to a total of 1.3 compensable hours.

The Court has carefully reviewed plaintiff's itemization of time filed in support of his motion for attorney's fees and finds all of the remaining time entries to be reasonable.

## II. CONCLUSION

For the reasons stated, plaintiff's Motion for Attorney's Fees **[Doc. #38]** is **GRANTED** in part and **DENIED** in part. Attorney's fees are awarded in the amount of $6,135.86, representing 32.6 hours of work.[1]

---

[1] Itemization of fees awarded:

| YEAR | RATE AWARDED | HOURS AWARDED | TOTAL |
|---|---|---|---|
| 2011 | $186.36 | 6.5 | $1,211.34 |
| 2012 | $188.65 | 24.8 | $4,678.52 |
| 2013 | $189.23 | 1.3 | $246.00 |
| | TOTAL: | 32.6 | **$6,135.86** |

8

This is not a recommended ruling.  This is a ruling on attorney's fees and costs which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 25th day of March 2013.


                                                  /s/
                            HOLLY B. FITZSIMMONS
                   UNITED STATES MAGISTRATE JUDGE