UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOYCE BECK,<br>    Plaintiff, : | :<br>CIVIL ACTION NO.<br>3:11-CV-1185 (JCH) |
| v. : | : |
| MICHAEL J. ASTRUE,<br>COMMISSIONER OF THE SOCIAL<br>SECURITY ADMINISTRATION : | :<br>JULY 23, 2013<br>: |

**RULING RE: PLAINTIFF'S OBJECTION TO RULING ON MOTION FOR ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT (Doc. No. 45)**

Plaintiff Joyce Beck successfully obtained an Order of Remand regarding the denial of her social security benefits. See Doc. No. 37. Counsel for Beck then filed a Motion for Attorney's Fees (Doc. No. 38) pursuant to the Equal Access to Justice Act (the "EAJA"), 24 U.S.C. § 2412(d). The Motion sought an award in the amount of $9,054.51. Magistrate Judge Holly B. Fitzsimmons issued a Ruling ("Magistrate Judge Ruling") (Doc. No. 45), in which Ruling she granted in part and denied in part the Motion, awarding a reduced total amount of $6,135.86.[1]

Counsel for Beck subsequently filed an objection to the Ruling, arguing that Magistrate Judge Fitzsimmons abused her discretion in reducing the requested award amount ("Pl.'s Obj. Magistrate Judge Ruling") (Doc. No. 46).

Under Federal Rule of Civil Procedure 72(a), when a magistrate judge rules on a non-dispositive matter, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A). Moreover,

---

[1] The Docket previously reflected, incorrectly, that the Magistrate Judge Ruling was as to Doc. No. 43. The Docket has since been updated. See Minute Entry, Doc. No. 47.

1

> [a] district court is justified in finding a magistrate judge's ruling clearly erroneous where, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. Given such a highly deferential standard of review, magistrate judges are afforded broad discretion[,] and reversal is appropriate only if that discretion is abused.

Burgos v. Astrue, No. 3:09-cv-1216 (VLB), 2011 WL 1085623 (D. Conn. Mar. 18, 2011) (alterations and internal quotation marks omitted) (quoting Highland Capital Mgmt., L.P. v. Schneider, 551 F. Supp. 2d 173, 177–78 (S.D.N.Y. 2008)).

A court has "broad discretion" when determining the reasonableness of hours expended in pursuing a claim. See Aston v. Sec'y of Health and Human Servs., 808 F.2d 9, 11 (2d Cir. 1986) (finding that district court's award of 200 hours under the EAJA, reduced from 230 hours, was within court's "broad discretion in this area"). Upon review of the record, the court concludes that Magistrate Judge Fitzsimmons did not abuse her discretion in awarding a reduced amount to counsel for Beck.

First, the award for 32.6 hours of attorney work, see Magistrate Judge Ruling at 8, falls squarely within the twenty- to forty-hour range that courts in this Circuit consider "average" for "routine Social Security cases." See Cobb v. Astrue, No. 3:08cv1130 (MRK) (WIG), 2009 WL 2940205, *3 (D. Conn. Sept. 2, 2009); see also Parsons v. Comm'r, No. 07-CV-1053, 2008 WL 5191725, *1 (N.D.N.Y. Dec. 10, 2008) ("[I]n . . . districts within the Second Circuit, the average time approved by courts for routine social security disability cases ranges from twenty to forty hours.") (collecting cases).

Second, with respect to the preparation of initial pleadings, Magistrate Judge Fitzsimmons noted that it was difficult to determine how much time was spent on non-compensable clerical tasks because tasks were listed in "block entries," and time entries were "commingled." Magistrate Judge Ruling at 4–5. Counsel for Beck argues that

Judge Fitzsimmons improperly deemed as "clerical" work that is often performed by an attorney and which is properly compensable.  See Pl.'s Obj. Magistrate Judge Ruling at 3–7.  However, Judge Fitzsimmons did not state that tasks such as preparing a complaint are purely clerical.  Rather, the Magistrate Judge Ruling suggested that some of the tasks involved with the preparation of initial pleadings could be "prepared with assistance of clerical staff with review by counsel," Magistrate Judge Ruling at 5, and reduced (rather than eliminated) the hours associated with those tasks, see id. at 5.  This court cannot say that the decision to reduce the awards for those reasons was clearly erroneous.  See Cobb, 2009 WL 2940205, at *2 (reducing award based on counsel's inclusion of uncompensable overhead expenses, "several tasks that are clerical or administrative in nature," and because lack of detail in counsel's petition "makes it difficult [ ] for the Court to discern accurately exactly how counsel spent most of the billed time").

      Third, with respect to the preparation of the memorandum of law, the Magistrate Judge Ruling noted that much of that work involved language that was "'boilerplate' or duplicative of other memoranda plaintiff's counsel has filed in other cases."  Magistrate Judge Ruling at 6.  The decision to reduce the hours for this reason was not clearly erroneous.  See, e.g., Taylor v. Astrue, No. 09cv1791 (MRK), 2011 WL 1752239, *3 (D. Conn. May 9, 2011) (reducing award from 28 hours and 54 minutes to 13 hours and 54 minutes for preparation of "a brief on the merits that was largely copied verbatim from briefs that [the attorney] submitted in other Social Security cases").

      Finally, as to the motion for fees and supporting papers, the court finds that a reduction of 2.5 hours from the 3.8 hours claimed is appropriate.  The Motion is

essentially one page (the signature goes on to a second page), and the affidavit in support is two pages (the signature goes on to a third page).  Moreover, the Magistrate Judge Ruling accurately noted that "the motion, memorandum, and affidavit are nearly identical to those filed by counsel in a separate social security case before the Court." Magistrate Judge Ruling at 7–8.

Although the court would not necessarily have made the same findings as Judge Fitzsimmons, it cannot conclude that her findings were clearly erroneous.  Accordingly, the court overrules the plaintiff's Objection and affirms the magistrate judge's Ruling.

**SO ORDERED.**

Dated at New Haven, Connecticut this 23rd day of July, 2013.


/s/ Janet C. Hall
Janet C. Hall
United States District Judge